In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00172-CR
_____

**GREGORY JOHN GEORGE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 08-03474**

**ORDER**

Gregory John George pleaded guilty under a plea agreement to aggravated assault. The trial court deferred adjudication of guilt and placed him on unadjudicated community supervision for ten years. After the State filed a motion to revoke, the trial court found George violated terms of the community supervision, adjudicated his guilt, and sentenced him to twenty years in prison.

1

George's appellate counsel filed a brief stating his opinion that there are no arguable points of error. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). This Court granted an extension of time for appellant to file a pro se response. We received no response from appellant.

The Court of Criminal Appeals has explained that an appellate court may determine in an *Anders* case either (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error"; or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

We have reviewed the clerk's record, the reporter's record, and the *Anders* brief. Based on that review, we conclude that, in view of Chapter 46B of the Code of Criminal Procedure, arguable grounds for appeal exist regarding the competency of George to stand trial. *See* Tex. Code Crim. Proc. Ann. arts. 46B.002, 46B.003 (West 2006), art. 46B.004 (West Supp. 2013), art. 46B.005 (West 2006); *see also Turner v. State*, No. AP-76,580, 2013 Tex. Crim. App. LEXIS 1592 (Tex. Crim. App. Oct. 30, 2013).

We grant appellate counsel permission to withdraw as counsel of record, abate the appeal, and remand the cause to the trial court for appointment of new counsel to re-brief the appeal and raise any arguable issues, including the competency-to-stand-trial issue. *See Bledsoe*, 178 S.W.3d at 826-27; *Stafford v. State*, 813 S.W.2d 503, 510-11 (Tex. Crim. App. 1991). Upon remand, the trial court shall direct the new counsel to file appellant's brief within thirty days after the appointment. The trial court shall furnish the name, address, telephone number, and state bar number of new counsel to the Clerk of this Court immediately after the appointment is ordered.

ORDER ENTERED February 6, 2014.

PER CURIAM

Before McKeithen, C.J., Horton and Johnson, JJ.